

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1971

Honorable William W. Day
County Attorney
Calhoun County Courthouse
Port Lavaca, Texas 77979

Opinion No. M-1026

Dear Sir:

Re: Reserve Deputy
Sheriffs

You have requested the opinion of this office concerning certain statutes passed by the Sixty-second Legislature creating and governing a new classification of peace officer known as "Reserve Deputy Sheriff". Your inquiry is so restricted as to eliminate our consideration of "Reserve Deputy Constable" and "Reserve Police Officer".

Your inquiry concerns the following questions:

1. Is the "grandfather clause" applicable to a "Reserve Deputy Sheriff"?

2. May an uncompensated "Reserve Deputy Sheriff" legally carry a weapon and function as a police officer?

3. Is recompense for equipment and uniforms optional to the county?

4. May private concerns employ "Reserve Deputy Sheriffs" for pay and assign them as security officers, watchmen, bouncers, etc?

5. May a "Reserve Deputy Sheriff" function alone or must he be accompanied by a "regular" officer?

6. An inquiry concerning county liability to a Reserve Deputy Sheriff that is answered by Attorney General Opinion No. M-990 (1971), a copy of which has been sent you under separate cover.

-5002-

Senate Bill 43, Acts 62nd Legislature, Regular Session (1971)[1] defines and authorizes the appointment of Reserve Deputy Sheriffs as follows:

"Section 1.   (a)   The Commissioners Court of any county in the State may authorize the sheriff of the county to appoint reserve deputy sheriffs, . . . who shall be subject to serve as peace officers during the actual discharge of their official duties upon call of the sheriff, . . .

"(b)   The Commissioners Court may limit the number of reserve deputy sheriffs . . . who may be appointed.

"(c)   Such reserve deputy sheriffs shall serve at the discretion of the sheriff and may be called into service at any time the sheriff considers it necessary to have additional officers to preserve the peace and enforce the law . . .

"(d)   Such reserve deputy sheriffs . . . shall serve without pay but the Commissioners Court may provide compensation for the purchase of uniforms and/or equipment used by such individuals.

"(e)   Such reserve deputy sheriffs . . . prior to their entry upon duty and simultaneously with their appointments, shall file an oath and bond in the amount of Two Thousand Dollars ($2,000), payable to the sheriff, . . .

"(f)   Such reserve deputy sheriffs, while on active duty at the call of the sheriff and while actively engaged in their assigned duties; . . . shall be vested with the same rights, privileges, obligations and duties of any other peace officer of the State of Texas.

"Sec. 4.   Any qualifications established for the position of reserve deputy sheriff . . . by the Commissioners Court shall meet the minimum physical, mental,

_____

[1]Ch. 506, p. 1738, codified by Vernon as Art. 6869.1, Sec. 1, V.C.S.

educational, and moral standards established by the Commission on Law Enforcement Officer Standards and Education, but may be stricter than the standards of the commission."

At a time subsequent to the foregoing, Senate Bill 72, Acts 62nd Legislature, Regular Session, (1971)[2] was passed which also defined and authorized the appointment of Reserve Deputy Sheriffs (as well as Reserve Deputy Constables and a police force reserve). There might have been conflicts between these two Acts but the passage of Senate Bill 17, Acts 62nd Legislature, 1st Called Session, (1971)[3] clarified any such conflicts and repealed all of Senate Bill 72 (supra) relating to sheriffs and constables with the minor exception concerning educational standards and training which is non-conflicting.

By harmonizing these three Acts we find the following applicable education and training requirements as applied to reserve deputy sheriffs:

1. Senate Bill 43, Sec. 3[4], imposes the burden on the Commission on Law Enforcement Officer Standards and Education to:

". . . establish minimum training standards for all reserve law enforcement officers which must be fulfilled before a person appointed as a reserve law enforcement officer may carry a weapon or otherwise act as a peace officer." (emphasis added).

2. Senate Bill 72, Sec. 5[5], imposes the burden as to deputy sheriffs that:

---

[2] Ch. 829, p. 2531; the relevant Sections are codified by Vernon as Art. 6869.2, Sec. 1, V.C.S., Art. 4413 (29aa), Sec. 2A, V.C.S., and Art. 998a, note, V.C.S.

[3] Ch. 4, p. 3434, Codified by Vernon as Art. 6869.2, Sec. 1 and 2, V.C.S. and Art. 4413 (29aa), Sec. 2A, V.C.S.

[4] Art. 4413 (29aa), Sec. 2A, V.C.S.

[5] Art. 998a, note, V.C.S., and Art. 6869.2, note, V.C.S.

"Any qualifications established for the position of reserve deputy sheriff . . . by the Commissioners Court, . . . shall meet the minimum physical, mental, educational, and moral standards established by the Commission on Law Enforcement Officer Standards and Education, but may be stricter than the standards of the Commission."

And Senate Bill 72, Sec. 6[6], (supra) sets forth the following "grandfather clause":

"Section 6.  Any person serving as a reserve law enforcement officer before the effective date of this Act may be appointed to temporarily serve as a reserve law enforcement officer without fulfilling the minimum training standards established by the Commission on Law Enforcement Officer Standards and Education.  In no case shall any person serve as a reserve law enforcement officer after January 1, 1973, unless he has fulfilled the minimum physical, mental, educational, moral and training standards established by the Commission on Law Enforcement Officer Standards and Education."

I.

Since Senate Bill 17 (supra) repealed all material reference in Senate Bill 72 to anything but "police reserve force", it is the opinion of this office that Reserve Deputy Sheriffs may not qualify under the grandfather clause.

II.

Article 483, Texas Penal Code, prohibits the carrying of a pistol (and other weapons) in the State of Texas. Article 484, Texas Penal Code, exempts, inter alia, ". . . any peace officer in the actual discharge of his official duty. . ." Senate Bill 43 (supra) makes a Reserve Deputy Sheriff a peace officer when called into service.  Therefore, it is the opinion of this office that a Reserve Deputy Sheriff

---

[6]Art. 998a, note, V.C.S., and Art. 6869.2, note, V.C.S.

may be armed and function as a peace officer when (and only when) called into service as provided by the new law.

## III.

Since the new law uses the word "may" with regard to compensation for uniforms and equipment, it is the opinion of this office that the statute on its face makes it discretionary with the Commissioners Court to pay or not pay for such items.

## IV.

Although no impediment is perceived to prevent the appointment of persons as Reserve Deputy Sheriffs who are normally employed as industrial guards, bouncers, night watchmen, etc., some questions might arise concerning conflict between such employment and the discharge of one's duties as a peace officer. Since no Court has yet had an opportunity to interpret the phrase "while on active duty at the call of the sheriff and while actively engaged in their assigned duties," our response on this matter will perforce be concluded in general terms. It is the opinion of this office that Reserve Deputy Sheriffs while on active service will resolve employment conflicts in the same manner and on the same basis as regular deputies; while not on active service no conflict exists.

## V.

There being no restriction contained in the statute, it is the opinion of this office that while on active duty a Reserve Deputy Sheriff may function alone, subject only to the same jurisdictional and venue restrictions imposed by law on regular deputies.

## S U M M A R Y

A Reserve Deputy Sheriff may not qualify under the "grandfather clause."

A Reserve Deputy Sheriff may legally carry a weapon while on active duty (even though not government compensated).

Compensation for uniforms and equipment of Reserve Deputy Sheriffs is entirely discretionary with Commissioners Court.

Reserve Deputy Sheriffs, while on active duty, are governed as to employment conflicts in the same manner as regular deputies.

A Reserve Deputy Sheriff on active duty may function alone and need not necessarily be accompanied by a "regular" officer.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Dunklin Sullivan
Ben Harrison
Jack Sparks
Bill Flanary

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant